Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ROBERTO LÓPEZ RIVERA<br><br>Apelado<br><br>v.<br><br>PERYMAR RODRÍGUEZ RIVERA<br><br>Apelante | KLAN202400520 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2020RF00016<br><br>Sobre: Divorcio |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece la parte peticionaria, Perymar Rodríguez Rivera, mediante el recurso de epígrafe y nos solicita la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 10 de abril de 2024. En el referido dictamen, el foro recurrido declaró No Ha Lugar la solicitud de desacato promovida por la peticionaria y, en lo pertinente, fijó una pensión alimentaria provisional.

Toda vez que el recurso de epígrafe versa sobre la revisión de una resolución de naturaleza interlocutoria, acogemos el mismo como un *certiorari* y conservamos el alfanumérico para propósitos administrativos.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado. Veamos.

**I**

Durante su matrimonio, Perymar Rodríguez Rivera (Rodríguez Rivera o peticionaria) y Roberto López Rivera (López Rivera o recurrido) procrearon al menor de edad RLR y a GLR, cuya custodia

Número Identificador

RES2024 _____

la ostentaba Rodríguez Rivera.[1] Evaluado el *Informe de la Examinadora de Pensiones Alimenticias*,[2] el 12 de agosto de 2020, notificado al día siguiente, el Tribunal de Primera Instancia acogió mediante *Resolución* lo allí recomendado y fijó una pensión provisional para ambos menores de $2,748.00 mensuales, a través de la Administración para el Sustento de Menores (ASUME), efectivo desde el 1 de agosto de 2020.[3]

Posteriormente, el 20 de enero de 2021, el foro primario acogió una estipulación suscrita por las partes el día anterior,[4] mediante la cual acordaron la fijación de una pensión alimentaria total para ambos menores de $2,625.00 mensuales, efectivo el 1 de febrero del mismo año.[5]

El 28 de marzo de 2022, López Rivera instó una *Moción Solicitando Relevo de Pensión Alimentaria por Haber Alcanzado la Mayoría de Edad*.[6] Informó que GLR advino a la mayoría de edad el 15 de febrero de 2022. Indicó que la pensión alimentaria estipulada por las partes, la cual no era muy distinta a la previamente fijada por el tribunal de forma provisional, incluía la pensión básica y la suplementaria de vivienda para ambos hijos. Sostuvo que era imperativo que el caso se refiriera al Examinador de Pensiones Alimentarias (EPA) para establecer la pensión alimentaria que correspondía al menor RLR y, a su vez, señalar una vista para establecer la pensión alimentaria entre parientes correspondiente a GLR. En virtud de ello, solicitó que se le relevara de la pensión alimentaria de su hija mayor de edad GLR y que se refiriera el caso al EPA para establecer la pensión alimentaria del menor RLR.

---

[1] Apéndice 6 del recurso, pág. 28.
[2] Apéndice 1 del recurso, págs. 16-18.
[3] Apéndice 2 del recurso, págs. 20-21.
[4] Apéndice 4 del recurso, pág. 26; Apéndice 5 del recurso, pág. 27.
[5] Apéndice 3 del recurso, págs. 22-25.
[6] Apéndice 6 del recurso, págs. 28-31.

En respuesta, el 25 de abril de 2022, Rodríguez Rivera se opuso.[7] Alegó que GLR estaba cursando estudios subgraduados en la Universidad de la Florida. Por otro lado, señaló que había regresado, junto a sus hijos, a su domicilio en el estado de la Florida y, por tanto, ya no residían en Puerto Rico. A su vez, adujo que López Rivera fue asignado a una base militar en dicho estado. Según planteó, había radicado un recurso ante el tribunal del mencionado estado, Caso Núm. 2022-001023-C, mediante el cual solicitó que se le otorgara entera fe y crédito al dictamen emitido por la jurisdicción de Puerto Rico y solicitó remedios de pensión alimentaria, entre otros. Por ello, suplicó que se desestimara el petitorio de relevo de pensión alimentaria presentado por López Rivera y que se ordenara que cualquier controversia entre las partes se dilucidara en el estado de la Florida donde las partes residían.

Luego de varios trámites procesales, mediante *Resolución* del 29 de junio de 2022, notificada al día siguiente, el foro *a quo* declaró Ha Lugar la solicitud de desestimación promovida por Rodríguez Rivera, toda vez que ninguna de las partes residía en Puerto Rico y se había incoado un recurso ante el tribunal del estado de la Florida.[8]

En desacuerdo, el 14 de julio de 2022, López Rivera presentó una *Moción Solicitando Reconsideración.*[9] Atendido el petitorio, el 18 de julio de 2023, notificada al día siguiente, el foro recurrido emitió una *Resolución* mediante la cual declaró Ha Lugar la solicitud de reconsideración.[10] Determinó que GLR, mayor de edad, compareció con representación legal al pleito de epígrafe de forma independiente y, luego de concedida una prórroga para que se expresara sobre la moción de relevo de su pensión alimentaria, esta no se opuso. En

---

[7] Apéndice 8 del recurso, págs. 33-35.
[8] Apéndice 18 del recurso, págs. 118-119.
[9] Apéndice 19 del recurso, págs. 120-122.
[10] Apéndice 20 del recurso, págs. 123-124.

vista de ello, declaró Ha Lugar la *Moción Solicitando Relevo de Pensión Alimentaria por Haber Alcanzado la Mayoría de Edad.*

Posteriormente, el 3 de agosto de 2022, López Rivera sometió una *Moción Solicitando Ajuste a la Pensión Alimentaria Establecida.*[11] En síntesis, informó que se encontraba aportando la misma cantidad de pensión alimentaria fijada provisionalmente para ambos hijos. Por tanto, solicitó que se ajustara la pensión alimentaria para el menor RLR y se acreditaran los pagos efectuados en exceso desde su solicitud de relevo de pensión. Insatisfecha, Rodríguez Rivera se opuso y, a su vez, solicitó el cierre y archivo del caso por falta de jurisdicción.[12]

Evaluadas las posturas de las partes, el 12 de octubre de 2022, el foro de origen emitió y notificó una *Resolución* mediante la cual refirió el caso a ASUME para que este atendiera la revisión de la pensión del menor en cuestión, por entender que era el foro adecuado para ello, ya que las partes residían en los Estados Unidos.[13]

Así las cosas, transcurridos aproximadamente dos años, el 22 de marzo de 2024, Rodríguez Rivera instó una *Moción de Desacato.*[14] Arguyó que, desde el año 2022, López Rivera había incumplido reiteradamente con las órdenes del tribunal en torno al pago de la pensión alimentaria, emitiendo depósitos con las cantidades que él entendía eran correctas o al no emitir pago alguno. Informó que realizó gestiones con ASUME para que se emitiera una *Orden de Retención de Ingresos* al patrono de López Rivera; sin embargo, los esfuerzos habían sido infructuosos. Planteó que la deuda ascendía a $28,080.00 y que ASUME estableció un plan de pago para ello de $787.50 mensuales, sobre lo cual López Rivera tampoco había

---

[11] Apéndice 25 del recurso, págs. 135-136.
[12] Apéndice 26 del recurso, págs. 139-141.
[13] Apéndice 27 del recurso, pág. 142.
[14] Apéndice 30 del recurso, págs. 146-147.

emitido pagos. Por consiguiente, solicitó que se le ordenara a López Rivera a satisfacer la cantidad adeudada inmediatamente y se le apercibiera de su obligación de cumplir con el pago de la pensión alimentaria. Además, solicitó la imposición del pago de costas y honorarios de abogada.

El 25 de marzo de 2024, el foro de instancia emitió una *Orden para Mostrar Causa* mediante la cual citó a López Rivera a una vista para que mostrara causa por la cual no debía ser encontrado incurso en desacato por falta de pago de la pensión alimentaria fijada.[15]

En respuesta, el 5 de abril de 2024, López Rivera presentó una moción intitulada *Cumplimiento de Orden.*[16] Argumentó que la deuda de pensión alimentaria reclamada por Rodríguez Rivera no procedía en derecho, ya que se reclamaban pagos mensuales en concepto de pensión alimentaria establecida para dos menores de edad. Según adujo, en julio de 2022, fue relevado de la pensión alimentaria de GLR y, en agosto del mismo año, ya relevado, pagó la pensión por ambos hijos directamente a Rodríguez Rivera.

El mismo día, López Rivera instó una *Solicitud de Desestimación.*[17] Informó que, durante todo el tiempo de vigencia de la pensión alimentaria, aun cuando GLR advino a la mayoría de edad, cumplió con los pagos de $2,625.00, por lo que tenía un crédito a tal efecto. Alegó que, a partir de septiembre de 2022, luego de un asesoramiento legal, comenzó a pagar $1,313.00, lo cual representaba la mitad de la pensión alimentaria computada para sus dos hijos, toda vez que ASUME no había señalado la modificación ordenada. Indicó que Rodríguez Rivera acudió ante ASUME para reclamar una deuda basada en la pensión alimentaria

---

[15] Apéndice 32 del recurso, págs. 152-153; Apéndice 33 del recurso, págs. 154-158.
[16] Apéndice 35 del recurso, pág. 161.
[17] Apéndice 36 del recurso, págs. 166-169.

original estipulada de $2,625.00. Sobre tal particular, abundó que, debido a ello, su patrono le retenía $3,412.50, cantidad que incluía la pensión original más $787.50 de atrasos. Planteó que Rodríguez Rivera estaba litigando dicho asunto de forma temeraria ante dos foros: judicial y administrativo. Por lo anterior, solicitó que se desestimara la solicitud de desacato en su contra, toda vez que la deuda reclamada no procedía porque se le había relevado de la pensión alimentaria de GLR. Aseguró que la proporción de la pensión alimentaria relativa al menor de edad RLR se había pagado y que, en todo caso, tenía un crédito a su favor debido a la cantidad incorrecta que se le estaba reteniendo de su sueldo. De otro lado, solicitó que, la petición de modificación de pensión alimentaria promovida por este hacía casi dos años, fuera referida al EPA, toda vez que Rodríguez Rivera se había sometido nuevamente a la jurisdicción del tribunal de Puerto Rico. Sostuvo que, una vez modificaran la pensión, procedía que adjudicaran los créditos correspondientes.

Así las cosas, el 9 de abril de 2024, se celebró una vista híbrida sobre la solicitud de desacato pendiente, a la cual comparecieron las partes con sus respectivas representaciones legales.[18] Rodríguez Rivera argumentó que no se le había relevado a López Rivera de la pensión original estipulada, ya que la pensión no había sido modificada por ASUME, por lo que no podía informar cuál era la cantidad de pensión correspondiente al menor RLR. A preguntas del tribunal, Rodríguez Rivera señaló que López Rivera pagó lo siguiente: $1,313.00 desde septiembre de 2022 hasta noviembre de 2023; $1,300.00 en diciembre de 2023; $800.00 en enero de 2024; $900.00 en febrero de 2024; $3,105.03 retenidos en marzo de 2024 luego de que Rodríguez Rivera gestionara el cobro de

---

[18] Apéndice 37 del recurso, págs. 191-193.

la pensión mensual ante ASUME. Rodríguez Rivera planteó que la orden del foro de instancia fue que se hicieran las gestiones ante ASUME, pero que López Rivera se había desconectado del proceso y la única pensión alimentaria establecida en el caso fue de $2,625.00. A preguntas del foro juzgador, Rodríguez Rivera admitió que, cuando llegó a los Estados Unidos, no hizo las gestiones ante ASUME porque el foro *a quo* era quien tenía la jurisdicción de la controversia. Particularizó que lo que se trabajó en el estado de la Florida fue la división de la sociedad legal de gananciales compuesta por las partes, ya que el asunto de los alimentos permanecía en Puerto Rico, razón por la cual se hizo la solicitud de incumplimiento del pago de la pensión alimentaria ante este último. Por su parte, López Rivera reiteró los argumentos esbozados en su moción de desestimación e informó que en ASUME estaban cuestionando la cantidad que se le retenía.

Sometida la controversia, el 10 de abril de 2024, el Tribunal de Primera Instancia emitió y notificó la *Resolución* que nos ocupa.[19] Expresó que había relevado a López Rivera con relación a GLR y había referido el caso a ASUME; sin embargo, ninguna de las partes dio seguimiento ante dicho organismo administrativo. Determinó que la inacción de las partes, cuando ninguno residía en Puerto Rico en ese momento, no debía ser penalizada; especialmente cuando López Rivera acudió ante el foro de origen en busca de auxilio para que se estableciera la pensión alimentaria acorde con la realidad fáctica de que solo había un menor de edad, mientras que Rodríguez Rivera buscó auxilio en los tribunales del estado de la Florida. Señaló que dicha realidad también era entendida por Rodríguez Rivera, ya que, a pesar de que López Rivera estuvo pagando la mitad de la pensión alimentaria original estipulada desde septiembre de

---

[19] Apéndice 38 del recurso, págs. 194-196.

2022, no acudió al tribunal para el cobro de deuda alguna. En vista de que se había relevado a López Rivera de la pensión de GLR en julio de 2022 y por este haber solicitado la revisión en ese momento, declaró No Ha Lugar la solicitud de desacato promovida por Rodríguez Rivera. Resolvió que las partes procederían a realizar el cálculo de la deuda, si alguna, a base de la mitad de la pensión alimentaria que las partes estipularon para ambos hijos. Especificó que dicha pensión se mantendría desde septiembre de 2022, cuando López Rivera comenzó a pagar una porción menor de la pensión, hasta la fecha en que ASUME estableciera la efectividad de la nueva pensión alimentaria.

En desacuerdo, el 25 de abril de 2024, Rodríguez Rivera presentó una *Moción de Reconsideración*,[20] la cual fue declarada No Ha Lugar mediante *Resolución* por el foro *a quo* el 26 de abril de 2024.[21]

Inconforme, el 28 de mayo de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al dictar Resolución en la cual modificó la pensión alimentaria en beneficio del menor sin aplicar las guías mandatorias para fijar y modificar las pensiones alimentarias en Puerto Rico.

> Erró el Tribunal de Primera Instancia al hacer retroactiva la pensión alimentaria a septiembre de 2022 cuando comenzó el demandante a pagar una porción menor de la pensión hasta la fecha en que ASUME establezca la efectividad de la nueva pensión.

En cumplimiento con nuestra *Resolución* del 29 de mayo de 2024, la parte recurrida compareció mediante *Alegato de la Parte Apelada* el 28 de junio de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[20] Apéndice 39 del recurso, págs. 197-203.
[21] Apéndice 40 del recurso, pág. 204.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como primer señalamiento de error que el Tribunal de Primera Instancia incidió al dictar *Resolución* mediante la cual modificó la pensión alimentaria en beneficio del menor RLR, sin aplicar las guías mandatorias para fijar y modificar las pensiones alimentarias en Puerto Rico. Como segundo y último señalamiento de error, sostiene que el foro primario erró al hacer retroactiva la pensión alimentaria del menor RLR a septiembre de 2022, cuando el recurrido comenzó a pagar una porción menor de la pensión, hasta la fecha en que ASUME establezca la efectividad de la nueva pensión alimentaria.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Si bien nos encontramos ante un asunto de relaciones de familia contemplado por la Regla 52.1 de Procedimiento Civil, *supra*, al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de desacato promovida por la parte peticionaria, ni al establecer una pensión alimentaria provisional mientras ASUME fija la pensión correspondiente, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones